UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARCIA MICHELLE GREEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-341-JWD-SDJ** |
| **RESIDENTIAL ACCEPTANCE CORP., ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 16, 2026.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARCIA MICHELLE GREEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-341-JWD-SDJ** |
| **RESIDENTIAL ACCEPTANCE CORP., ET AL.** | |

## MAGISTRATE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Reconsider Order of Dismissal with Prejudice and for Leave to File Second Amended Complaint (R. Doc. 78).

### I. PROCEDURAL BACKGROUND

Plaintiff initiated this action on May 1, 2024, representing herself, against Defendants Residential Acceptance Corporation, Village Capital & Investment, LLC, DHI Title-Louisiana, and MidFirst Bank, incorrectly named as Midland Mortgage.[1] (R. Doc. 1). The crux of Plaintiff's Complaint is that she was allegedly defrauded when she took out a mortgage loan because she had a misunderstanding of the transaction.

After all four Defendants had filed Motions to Dismiss (R. Docs. 16, 17, 21, 22), Plaintiff filed a First Amended Complaint on July 8, 2024. (R. Doc. 30). The original Motions to Dismiss were denied without prejudice. (R. Doc. 31). The renewed Motions to Dismiss (R. Docs. 37, 38, 39, and 41) responded to the First Amended Complaint and were the subject of the Magistrate Judge's Report and Recommendation. (R. Doc. 71). The Magistrate Judge recommended that the

---

[1] Midland Mortgage is a division of MidFirst Bank and has no independent corporate existence from MidFirst Bank.

renewed Motions to Dismiss be granted, and the District Court adopted the recommendation and dismissed all of Plaintiff's claim with prejudice. (R. Doc. 75). On April 16, 2025, Plaintiff filed the instant Motion to Reconsider Order of Dismissal with Prejudice and Leave to File Second Amended Complaint (R. Doc. No. 78) pursuant to Rule 59(e) and Rule 15(a) and attached the Proposed Second Amended Complaint (R. Doc. 78-2). All four Defendants timely filed Oppositions to Plaintiff's Motion (R. Docs. 81, 82, 83, and 84). The Court considered all briefing by the parties.

## II.    MOTION TO ALTER OR AMEND JUDGMENT UNDER 59(e)

### A.    Standard of Review

District courts have considerable discretion in deciding whether to grant a Rule 59(e) motion ("motion for reconsideration"). *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993). The factors to be considered in a Rule 59(e) analysis are: (1) the judgment is based upon a manifest error of fact or law; (2) newly discovered or previously unavailable evidence exists; (3) the initial decision was manifestly unjust; (4) counsel engaged in serious misconduct; and (5) an intervening change in law alters the appropriate outcome. *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F.Supp.2d 471, 475-76 (M.D. La. 2002) (citing *Metairie Bank & Trust Co. v. Payne*, 2000 WL 979980 (E.D. La. July 17, 2000); *Campbell v. St. Tammany Parish School Bd.*, 1999 WL 777720 (E.D. La. Sept. 29, 1999)). The court should deny a motion for reconsideration when the movant rehashes legal theories and arguments that were raised or could have been raised before the entry of the judgment. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). A motion for reconsideration does not support old arguments that are reconfigured. *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316, n.18

(S.D. Tex. 1994). Mere disagreement with a prior ruling does not support a Rule 59(e) motion. *See e.g., Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).

### B. Discussion

In her Motion, Plaintiff contends that the Magistrate Judge erred in recommending the dismissal of all claims for alleged violations of the Truth in Lending Act (15 U.S.C. § 1601), Fair Credit Reporting Act (15 U.S.C. § 1681), Fair Debt Collection Practices Act (15 U.S.C. § 1692), and Extortionate Credit Transactions (18 U.S.C. § 892, et seq.), as well as claims for misrepresentation and breach of contract. (R. Doc. 71 at 2). However, Plaintiff offers no grounds for the Court to find manifest error and presents no new evidence relevant to any Defendant.

#### 1. Plaintiff's Original Statement of Facts

The Magistrate Judge's Report and Recommendation (R. Doc. 71) was based on the following facts alleged in Plaintiffs First Amended Complaint (R. Doc. 30). On August 18, 2023, Plaintiff entered into a contract with Residential Acceptance Corporation at DHI Title, including a promissory note and mortgage agreement. (R. Doc. 30 at 5). Plaintiff asserted that the contract is unenforceable, having lacked (1) awareness/meeting of the minds, (2) consideration, and (3) legality. (R. Doc. 30 at 6).

First, Plaintiff was "unaware… that the bank was not lending her any money". (R. Doc. 30 at 6). Further, Plaintiff asserts that "RAC was misrepresented as a bank loaning money which was done for purposes of deception, fraud, confusing and therefore harming the Plaintiff." (R. Doc. 30 at 5). Plaintiff argued that this lack of clarity meant there was no true agreement on the terms and subject of the contract. (R. Doc. 30 at 6). Next, Plaintiff asserted that "[b]anks were never granted the power or given authority by Congress to lend money" and thus RAC was unable to provide

Plaintiff value for consideration. (R. Doc. 30 at 5, 6). Finally, Plaintiff asserted that this alleged lack of lending authority renders the loan contract illegal. (R. Doc. 30 at 6-7).

Plaintiff alleged that she believed the promissory note executed at the time of the mortgage contract was merely a "promise to pay" in the future, but that instead the promissory note "was accepted as payment in full". (R. Doc. 30 at 8). "The Plaintiff did not authorize or give the bank permission to receive $335,623 cash value, per her promissory note, and use it to fund the bank loan check back to her being required to pay the money back + interest, nor is that what she was given disclosure this would take place prior to her signing the contract." (R. Doc. 30 at 8). As the Court understood, Plaintiff was under the impression that the home loan would be a direct loan of cash to Plaintiff, who would then use that money to pay for her house, rather than a bank paying for the house and receiving mortgage payments from Plaintiff.[2]

Plaintiff further claimed that the security clause of the mortgage contract means that Plaintiff has no obligation to pay on the contract. (R. Doc. 30 at 10). She argued that she was fraudulently induced to give up her security interest in the property on the misrepresentation that the bank could loan money. (R. Doc. 30 at 10). Plaintiff asserted that after obtaining the security interest, RAC sold that interest to Village Capital & Investments without Plaintiff's knowledge. (R. Doc. 30 at 10).

Plaintiff claimed that RAC extended Plaintiff an extortionate line of credit, evidenced by the mortgage contract itself and by notices from RAC to Plaintiff in September 2023, notifying Plaintiff of the amount due and where to remit payment, and later notifying Plaintiff of her overdue

---

[2] *See* Plaintiff's Original Complaint: "The [] contract read as follows, 'In return for the loan that I received…'. Yet, there were no details of the transmittance of this money, no amount nor method that it would be received by the Plaintiff." (R. Doc. 1 at 4). "At closing the Plaintiff inquired with the closing agent of where the loan was and was told that the Plaintiff had received it/the money would be wired. … Plaintiff never saw nor signed a check with The Plaintiff's name on it." (R. Doc. 1 at 4). "RAC, nor DHI Title ever disclosed to the Plaintiff that payment was made in full for the house when the promissory note was signed…." (R. Doc. 1 at 4).

payment. (R. Doc. 30 at 11). Plaintiff responded to a notice of default with a demand for relief and settlement offer, "citing RAC's numerous violations including [Truth in Lending Act] and [Fair Debt Collection Practices Act]". (R. Doc. 30 at 12). Plaintiff requested numerous documents, including documents proving RAC's right to collect debt on the contract. (R. Doc. 30 at 12-13). Plaintiff received copies of her closing documents, which she deemed unsatisfactory. (R. Doc. 30 at 13).

Plaintiff later received debt collection notices from Village Capital & Investments, whereupon Plaintiff again requested information regarding VCI's right to collect on the debt. (R. Doc. 30 at 13). VCI responded with copies of the same closing documents, including an addendum transferring the mortgage to VCI. (R. Doc. 30 at 13). Plaintiff alleged that this is further evidence of extortion and fraud, and that Defendants were attempting to collect a debt that had been paid. (R. Doc. 30 at 13).

Finally, Plaintiff began to receive debt collection notices from Midland Mortgage, whom she sent a request to validate the debt. (R. Doc. 30 at 14). A representative of Midland informed Plaintiff that VCI had sold its mortgage servicing rights to Midland. (R. Doc. 30 at 14). Another representative informed Plaintiff that she had given authority in her original contracts for the note to be assigned to different servicers, and Plaintiff averred that she did not know at the time that "assignment" to different servicers meant the interest would be *sold*. (R. Doc. 30 at 14). Plaintiff asserted to the representative that the promissory note is her personal property, and that Midland was committing theft by keeping it. (R. Doc. 30 at 14).

### 2. Plaintiff offers no new facts.

In her Motion to Reconsider the Order of Dismissal with Prejudice, Plaintiff alleges that she "can now allege additional facts and legal theories." (R. Doc. 78-1 at 1). The only "new" facts

stated in Plaintiff's Proposed Second Amended Complaint involve a state court proceeding in which Plaintiff filed suit against Defendant MidFirst to enjoin foreclosure. (R. Doc. 78-2 at 5). Those facts are not "new" at all—Plaintiff previously filed this evidence into the record before the Magistrate Judge issued the Report and Recommendation. (R. Doc. 64).

Instead of presenting newly discovered evidence, Plaintiff repackages previously asserted factual allegations already addressed. The Court should deny a motion for reconsideration when the movant rehashes legal theories and arguments that were raised or could have been raised before the entry of the judgment. *See* Templet, 367 F.3d at 478-79. A motion for reconsideration does not support old arguments that are reconfigured. As Plaintiff fails to provide new evidence, the Motion should be denied.

### 3. Plaintiff fails to establish "manifest error" by the Court.

Plaintiff makes vague accusations against the Court—such as "the court has patently misunderstood a party" and has "made a decision outside the adversarial issues presented" (R. Doc. 78-1 at 2)—but fails to articulate any facts to support these accusations against the Court. First, Plaintiff argues that "The Court Committed Clear Legal Error Misapplied and Disregarded Controlling (Pleading) Standards and Precedent" and that "[t]he Court erred in dismissing Plaintiff's breach of contract and fraud claims without giving proper weight to well-pled factual allegations." (R. Doc. 78-1 at 3). But Plaintiff makes no fact-based arguments to explain her position. Indeed, the Report and Recommendation fully considered and addressed these issues.[3]

---

[3] Doc. 71 at 23-24 (breach of contract) ("It is clear from Plaintiff's filings that she did not understand the nature of the mortgage contract. There was no lack of consideration at the time of the contract— RAC provided the money for her home, and Plaintiff provided the down payment and promissory note (promise to pay back the loan). Plaintiff is under the impression that RAC had no authority to lend money, and indeed under the impression that RAC *did not* lend her money—RAC did, in fact, lend the money, Plaintiff simply did not receive cash as it was paid directly to the seller of the home. It is this misunderstanding that is the basis of Plaintiff's claims of lack of meeting of the minds and

Second, Plaintiff argues that "The Court Disregarded Statutory Authority and Evidentiary Support in the Record." (R. Doc. 78-1 at 4). But the Report and Recommendation fully addressed and considered all relevant statutory authority. (R. Doc. 71 at 1) ("Truth in Lending Act (15 U.S.C. § 1601), Fair Credit Reporting Act (15 U.S.C. § 1681), Fair Debt Collection Practices Act (15 U.S.C. § 1692), and Extortionate Credit Transactions (18 U.S.C. § 892, *et seq.*)"; (R. Doc. 71 at 6-7) (discussing Plaintiff's claims); (R. Doc. 71 at 20-24) (discussing Plaintiff's failure to state plausible claims). Plaintiff cannot simply ignore the proper application of legal authority by the Court simply because she is dissatisfied with the result. Accordingly, Plaintiff's disagreement with the Court's findings cannot serve as a basis for reconsideration of the Court's judgment.

Third, Plaintiff argues that "The Court Ignored Evidence Filed on the Record." (R. Doc. 78-1 at 6). However, the Court considered, and accepted, arguments based on the loan documentation submitted by Plaintiff, which supports dismissal of her claims. *E.g.*, Doc. 71 at 8 ("the disclosure of such transfers is evident on the face of the loan documents"); *id*. at 13 ("this claim is directly refuted by the loan documents attached to Plaintiff's Amended Complaint"); *id*. at 14 n. 4 ("the loan documents attached to the Amended Complaint show an itemized list of charges"); *id*. at 16 ("such transfer was contemplated and consented to in the loan documents"); *id*. at 22 ("Plaintiff's own documents attached to her Amended Complaint show that such transfers were clearly contemplated"); *id.* at 23 ("exhibits attached to her Amended Complaint show that the closing documents—signed by Plaintiff—specified interest rate; taxes, insurance, and assessments; and a line item breakdown of closing costs"). As no basis exists for reconsideration

---

fraudulent inducement."); R. Doc. 71 at 25 (fraud) ("Plaintiff's claims of misrepresentation all relate to the nature of the mortgage contract, the loan, promissory note, and validity of the contract, as discussed above. Whether any oral representations were made at the time of signing is irrelevant, as Plaintiff is presumed to have read and understood the contract when she signed it. Plaintiff has not asserted facts that allow the Court to reasonably infer that Defendants are liable….") (citations omitted).

outside of Plaintiff's disagreement with the dismissal of her claims, the Court should deny the Motion.

### III.   MOTION FOR LEAVE TO AMEND

####    A.   Standard of Review

There is a question of whether Plaintiff's motion for leave to amend falls under Federal Rule of Civil Procedure 15(a), governing the amendment of *pleadings,* or Rule 59(e), governing the amendment of *judgments.* Although review of both types of motions is nominally under the "abuse of discretion" rubric, *see S. Group, Inc. v. Dynalectric Co.,* 2 F.3d 606, 611 (5th Cir.1993), the district court's discretion is considerably less under Rule 15(a). "In the context of motions to amend pleadings, 'discretion' may be misleading, because Fed.R.Civ.P. 15 (a) 'evinces a bias in favor of granting leave to amend.' " *Martin's Herend Imports v. Diamond & Gem Trading,* 195 F.3d 765, 770 (5th Cir.1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 597 (5th Cir. Nov.1981)). Rule 15(a) states that leave to amend "shall be freely given when justice so requires."

By contrast, a motion to alter or amend the judgment under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" and "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir.1990) (quoting *Fed. Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir.1986)); *see also S. Constructors Group, Inc.,* 2 F.3d at 611 (recognizing that "[d]enial of a motion to vacate, alter, or amend a judgment so as to permit the filing of an amended pleading draws the interest in finality of judgments into tension with the federal policy of allowing liberal amendments under the rules").

In this Circuit, when a district court dismisses the complaint, but does not terminate the action altogether, the plaintiff may amend under Rule 15(a) with permission of the district court. *See Whitaker v. City of Houston,* 963 F.2d 831, 835 (5th Cir.1992). When a district court dismisses an action and enters a final judgment, however, a plaintiff may request leave to amend only by either appealing the judgment, or seeking to alter or reopen the judgment under Rule 59 or 60. *See Dussouy,* 660 F.2d at 597 n. 1; *see also* 3 James Wm. Moore et al., Moore's Federal Practice § 15.12[2] (3d ed.2003); 6 Charles Alan Wright, et al., Federal Practice and Procedure § 1489 (2d ed. 1990) ("Most courts ... have held that once a judgment is entered the filing of an amendment cannot be allowed until the judgment is set aside or vacated under Rule 59 or Rule 60.").

In this case, the district court dismissed the action with prejudice. Under the rule in this Circuit, Plaintiff's post-dismissal motion must be treated as a motion under Rule 59(e), not Rule 15(a). *See Whitaker,* 963 F.2d at 835 (stating that a dismissal with prejudice indicates that the district court intended to terminate the action, not merely dismiss the complaint). Nevertheless, this Court has held that, under these circumstances, the considerations for a Rule 59(e) motion are governed by Rule 15(a):

> Where judgment has been entered on the pleadings, a holding that the trial court should have permitted amendment necessarily implies that judgment on the pleadings was inappropriate and that therefore the motion to vacate should have been granted. Thus the disposition of the plaintiff's motion to vacate under rule 59(e) should be governed by the same considerations controlling the exercise of discretion under rule 15(a).

*Dussouy,* 660 F.2d at 597 n. 1.

The Rule 15(a) standard is "more permissive" than the standard of Rule 59(e). *DeGruy v. Wade,* 586 Fed.Appx. 652, 655 (5th Cir. 2014). When a court is faced with a motion under both Rule 59(e) and Rule 15(a), the Fifth Circuit has stated that it is proper to analyze the motion under

each rule. *Id.* While Rule 59(e) motions "must clearly establish either a manifest error of law or fact or must present newly discovered evidence," *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003), a motion to amend under Rule 15(a) "permit[s] liberal amendment to facilitate determination of claims on the merits." *Dussouy*, 660 F.2d at 598. Where a district court has entered a judgment on the pleadings and the plaintiff moves under Rule 59(e) to vacate the judgment and amend the complaint, the court should also analyze the motion under the more liberal Rule 15(a) standard. *Rosenzweig*, 332 F.3d at 864; *Dussouy*, 660 F.2d at 597, n.1; *Jumonville v. Department of Treasury*, 50 F.3d 1033, 1995 WL 136507, *2 (5th Cir. 1995) (citing *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)).

Although leave to amend under Rule 15(a) is to be freely given, that generous standard is tempered by the necessary power of a district court to manage a case. *See Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 891 (5th Cir. 1987). In deciding whether to grant leave to amend, the district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment. *Id.* at 891; *DeGruy*, 586 Fed.Appx. at 656.

**B.  Discussion**

In her Motion, Plaintiff seeks leave to file a Second Amended Complaint. After final judgment is entered by a court, a party must move to amend its complaint under Fed. R. Civ. P. 59(e) rather than under Fed. R. Civ. P. 15(a) as the post-judgment amendment is only permissible after the judgment itself is vacated. *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 184 (5th Cir. 2018). The Court should deny Plaintiff leave to file her proposed Second Amended Complaint because allowing this leave would be futile. Plaintiff once again bases her claims on her mistaken

belief that her loan was wrongfully originated because the original lender, RAC, funded her real estate purchase in exchange for a promissory note. (R. Doc. 78-2 at 2-3). Plaintiff offers no additional factual support to cure the deficiencies identified by the Court.

Plaintiff proposes a new claim against RAC, VCI, and MidFirst, for unjust enrichment. (R. Doc. 78-2 at 8-9). For the factual basis of this claim, Plaintiff repeats her theory that the loan was not properly originated. Plaintiff has not shown that the Magistrate Judge incorrectly determined that there was nothing unlawful about how Plaintiff's mortgage loan was originated; therefore, Plaintiff's repackaged claim for unjust enrichment lacks merit. Similarly, Plaintiff's allegations regarding "Contract Fraud" have no merit. These allegations mimic the previously asserted "misrepresentation of material fact" claim. *Compare* R. Doc. 30 ¶¶ 16-17 *with* R. Doc. 78-2 ¶¶ 41-46. This repackaged allegation has previously been briefed, considered, and rejected by the Court. (R. Doc. 71 at 25).

### IV.  CONCLUSION

Plaintiff's claims having arisen not out of any wrongdoing but out of misunderstanding, and Plaintiff has failed to allege any new facts that allow the Court to reasonably infer liability on the part of any Defendants. The Magistrate Judge did not commit manifest error in recommending that the Motions to Dismiss be granted. Furthermore, no newly discovered or previously unavailable evidence exists. Therefore, the Court did not err in adopting the Magistrate Judge's recommendation and dismissing all of Plaintiff's claim with prejudice. (R. Doc. 75). For the reasons discussed above, the undersigned **RECOMMENDS** that the Motion to Reconsider Order of Dismissal with Prejudice and for Leave to File Second Amended Complaint (R. Doc. 78) be **DENIED.**

Signed in Baton Rouge, Louisiana, on January 16, 2026.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**